FILED
SUPERIOR COURT
OF GUAM

2025 JUL 18 PM 4: 06

CLERK OF COURT

BY:_____ J/X_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ANTHONY P. TAMAYO and TERESITA R. TAMAYO,<br><br>Plaintiffs,<br><br>vs.<br><br>GEORGE M. TORRES,<br><br>Defendant. | CIVIL CASE NO. CV0657-23<br><br><br>**DECISION AND ORDER**<br>*Re: Plaintiffs' Motion for Summary Judgment* |

This case came before the Court on January 23, 2025, for a hearing on Plaintiffs' Motion for Summary Judgment. On April 8, 2025, upon the request of counsels via email, the Court took the matter under advisement without further hearing. Plaintiffs were represented by Attorney Rachel Taimanao-Ayuyu; Defendant appeared through Attorney George Valdez. After reviewing the record and considering the arguments, the Court DENIES the Motion.

### BACKGROUND

Plaintiffs allege they agreed to purchase 1,000 square meters of real property in Hagatna, Guam, from Defendant for $100,000.00. They claim to have paid that amount in three installments, relying on Defendant's representations that he owned the property outright. But they say Defendant never delivered a deed, and they later learned he didn't hold clear title.

Plaintiffs filed suit, asserting claims for fraud, quiet title, and unjust enrichment. Their Motion for Summary Judgment, filed November 5, 2024, focuses on fraud and breach of contract. They argue that Defendant misled them and that they are entitled to damages. They do not address the quiet title or unjust enrichment claims.

Defendant's opposition, filed December 3, 2024, admits the agreement but disputes the total amount and denies any misrepresentation. He claims an ownership interest through intestate succession and says he withheld the deed due to threats allegedly made by Plaintiff Anthony P. Tamayo.

Plaintiffs did not file a reply. At the hearing, Plaintiffs' counsel stated she had not received the opposition. Defendant's counsel agreed to resend it. On April 8, 2025, the Court took the matter under advisement at the parties' request.

## DISCUSSION

### A. Claims not Addressed

Plaintiffs did not present arguments on their quiet title or unjust enrichment claims. The Court will not consider those claims at this stage.

### B. Legal Standard

Under GRCP 56(a), summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The Court must view the evidence in the light most favorable to the non-moving party. See *Guam Resorts, Inc. v. G.C. Corp.*, 2013 Guam 18 ¶ 36.

Once the moving party meets its burden, the opposing party must present significant probative evidence to support its position. Allegations alone won't do. See *Bank of Guam v.*

*Flores*, 2004 Guam 25 ¶ 7. A material fact is one that could affect the outcome of the case. Id. ¶ 8.

### C. Analysis

The Motion turns on a disputed fact: the contract price. Plaintiffs say it was $100,000.00. Defendant says it was $90,000.00. Plaintiffs cite Paragraph 4 of the Complaint and a declaration from Plaintiff AnthonyP. Tamayo. Defendant points to the Real Estate Bill of Sale attached to the Complaint.

Now, Defendant's Answer admits the $100,000.00 figure. Ordinarily, that kind of admission would be binding. GRCP 8(d) says that averments not denied are admitted. Ccourts treat judicial admissions as binding unless withdrawn or amended. See *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

GRCP 8(d) makes an exception for the amount of damages. Defendant's admission doesn't settle the matter. The Guam Supreme Court has held that a genuine issue of material fact exists when a party states one amount and the documents show another. See *DFS Guam L.P. v. A.B. Won Pat International Airport Authority, Guam*, 2020 Guam 20 ¶ 133.

Here, the Bill of Sale lists the price as $90,000.00. The receipts show payments totaling $100,000.00, but they're inconsistent. One shows a $60,000.00 down payment with a $30,000.00 balance. Another shows a $20,000.00 payment toward a $90,000.00 balance. A third references a $150,000.00 transaction. These discrepancies raise real questions. Was the deal for $90,000.00, $100,000.00, or something else; the record doesn't say.

Damages are a required element of both fraud and breach of contract. See *Hemlani v. Flaherty*, 2003 Guam 17 ¶ 9; *Hemlani v. Hemlani*, 2015 Guam 16 ¶ 19. If the contract price is

unclear, then the damages are unclear. If the damages are unclear, summary judgment is premature.

## CONCLUSION

There is a genuine dispute over a key fact. That dispute goes to the heart of Plaintiffs' claims. Summary judgment is not appropriate and therefore the Plaintiffs' Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED** JUL 1 8 2025 .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**